IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LORENZO STEWART,    Plaintiff, | ) ) Civil Action No. 7:21-cv-00315 ) |
| v. | ) ) ) By: Michael F. Urbanski |
| LAURENCE WANG,    Defendant. | ) Chief United States District Judge ) ) |

### ORDER

Lorenzo Stewart, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that Dr. Laurence Wang violated his rights under the Eighth Amendment by failing to adequately treat his left foot and ankle issues. On June 22, 2022, the court granted Dr. Wang's motion for summary judgment, concluding that "no reasonable jury could find that Dr. Wang exhibited deliberate indifference to [Stewart's] serious medical needs." Mem. Op., ECF No. 26, at 13. Stewart subsequently filed a motion for reconsideration, which is presently before the court. ECF No. 28.

Because Stewart filed the motion within 28 days of the entry of the order granting Dr. Wang's motion for summary judgment, the motion is properly evaluated under Federal Rule of Civil Procedure 59(e). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [the time period prescribed by Rule 59(e)] and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled.") (quoting Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978)). Rule 59(e) "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." Banister v. Davis, 140 S. Ct. 1698,

1703 (2020) (quoting White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). Importantly, however, the Rule "may not be used to relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted). Instead, "[a] Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. NASCAR, 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly" and only in "exceptional circumstances." Id.

    Applying these principles, the court concludes that Stewart is not entitled to relief under Rule 59(e). Stewart does not point to any change in controlling law or identify any new evidence that was not previously available. Nor does he identify any clear error in the court's decision. Instead, he merely reasserts his dissatisfaction with the treatment provided by Dr. Wang. In its previous decision, the court reviewed the applicable medical records and concluded that no reasonable jury could find that Dr. Wang provided constitutionally inadequate medical care. While Stewart may disagree with the court's decision, "mere disagreement does not support a Rule 59(e) motion." Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

    For these reasons, it is hereby **ORDERED** that Stewart's motion for reconsideration, ECF No. 28, is **DENIED**.

The Clerk shall send a copy of this order to Stewart and to all counsel of record.

It is so **ORDERED**.

Entered: October 28, 2022

Michael F. Urbanski
Chief United States District Judge